UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY
(NEWARK)

| | |
|---|---|
| ROBERT DOYLE,<br><br>Plaintiff,<br><br>-against-<br><br>SIMON'S AGENCY, INC.<br><br>Defendant. | Civ. Action No.: |

COMPLAINT

PLAINTIFF DEMANDS JURY TRIAL

INTRODUCTION

1. This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff, Robert Doyle ("Doyle") seeks statutory damages, common law damages, attorney's fees, and costs.

JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has personal jurisdiction over Defendant, Simon's Agency, Inc. ("Simon's"), pursuant to New Jersey Rules of Civil Procedure Rule 4:4-4 because Simon's has an office located at 436 Main Street, #263, Spotswood, NJ, 08884.

4. Simon's, for more than the past year and continuing to April of 2017, made hundreds of telephone calls to Doyle's telephone, which Simon's knew was located in New Jersey.

5. Doyle's telephone has a 646 area code (the "646 Number").

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

7. This Court has supplemental jurisdiction over the New Jersey state claim under U.S.C. 28§ 1367.

## PARTIES

8. Doyle is, and was at all relevant times herein, a natural person and resident of this District.

9. Simon's is, and was at all relevant times herein, a corporation organized and existing under the laws of New York, and maintains its executive office at 4963 Wintersweet Drive, Liverpool, NY, 13088.

10. At all relevant times herein, Simon's represented Summit Medical Group, P.A. ("Summit") as a third-party debt collector.

## FACTUAL ALLEGATIONS

11. Simon's is, and was at all relevant times herein, a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

12. From approximately March 2016 through April 2017, Simon's made hundreds of telephone calls (the "Simon's collection calls") to Doyle to collect a debt allegedly owed by Lillian Ganci ("Ganci") to Summit.

13. The Simon's collection calls were all made to the 646 Number.

14. Doyle, on at least 40 occasions during the Simon's collection calls, told Simon's agents that they could not speak to Ganci and told them to stop calling him; and on most of those occasions Simon's agents told Doyle that they would continue to telephone him.

15. Doyle, on at least 40 occasions during the Simon's collection calls, told Simon's agents to never to telephone the 646 Number.

16. On many of the Simon's collection calls, Doyle had to wait more than 20 seconds before a person responded to him, constantly saying "hello" into the telephone receiver while initially receiving no response.

17. On many of the Simon's collection calls, Doyle constantly said "hello" into the telephone receiver but no one ever replied and the caller terminated the phone calls without any response to Doyle.

18. During many of the Simon's collection calls, Doyle asked to speak to a supervisor but was never permitted to speak to a supervisor; rather, Simon's agents told Doyle that they would call back and continue to call him every day.

19. During many of the Simon's collection calls, Simon's agents refused to identify themselves by anything other than a single name, despite repeated requests by Doyle to identify themselves and their employer, and to provide meaningful disclosure of the caller's identity.

20. On some occasions during the Simon's collection calls, Simon's agents identified themselves only as calling from the "Simon's Agency".

21. During several of the Simon's collection calls, Doyle told Simon's agents to contact Ganci by mail if they wanted to, but never to telephone the 646 Number again.

22. The result of the Simon's collection calls was that Doyle's telephone was repeatedly caused to ring and that Doyle was repeatedly engaged in telephone conversation with Simon's agents with intent to annoy, abuse, and harass Doyle and/or Ganci at the 646 Number.

23. The Simon's collection calls constitute abusive and harassing behavior under 15 U.S.C. § 1692d(5).

24. The Simon's collection calls constitute the elements of criminal harassment under N.J.S.A. 2C:33-4.

25. The Simon's collection calls concerned a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The Simon's collection calls constitute a "communication" as defined by 15 U.S.C. 1692a(2).

27. The Simon's collection calls were made in connection with the collection of an alleged debt.

28. Doyle has never given Simon's permission to contact him.

29. Ganci has never given Simon's permission to contact her.

30. Upon information and belief, Simon's had not obtained, from a court of competent jurisdiction, the express permission to call either Doyle or Ganci.

31. The Simon's collection calls were not reasonably necessary to effectuate a post-judgment judicial remedy.

32. During the Simon's collection calls, Doyle was not told that Simon's was seeking to confirm or correct location information concerning a consumer, and Doyle was not told that his earlier responses were erroneous or incomplete.

33. The natural consequence to any consumer, including Doyle, of the receipt of Simon's hundreds of telephone calls would have been to feel harassed, oppressed, or abused.

## FIRST CAUSE OF ACTION
(Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(1))

34. Doyle repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. Simon's violated 15 U.S.C. § 1692b(1), in that Simon's agents, communicating with Doyle about Ganci, failed to identify themselves, failed to state that they were confirming or correcting location information concerning Ganci, and failed to identify Simon's as their employer upon request by Doyle.

36. As a result of the foregoing, Doyle is entitled to damages as provided by 15 U.S.C. § 1692k(a).

### SECOND CAUSE OF ACTION
### (Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(3))

37. Doyle repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38. Simon's violated 15 U.S.C. § 1692b(3), in that Simon's agents communicated with Doyle more than once without any reasonable belief that Doyle's previous responses were erroneous or incomplete, or that Doyle had correct or complete location information concerning Ganci.

39. As a result of the foregoing, Doyle is entitled to damages as provided by 15 U.S.C. § 1692k(a).

### THIRD CAUSE OF ACTION
### (Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(5))

40. Doyle repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41. Simon's violated 15 U.S.C. § 1692d(5), in that Simon's agents caused Doyle's telephone to ring and engaged Doyle in telephone conversations repeatedly and continuously with intent to annoy, abuse, and harass Doyle at the 646 Number.

42. As a result of the foregoing, Doyle is entitled to damages as provided by 15 U.S.C. § 1692k(a).

### FOURTH CAUSE OF ACTION
### (Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(6))

43. Doyle repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

44. Simon's violated 15 U.S.C. § 1692d(6), in that Simon's agents placed telephone calls to Doyle without meaningful disclosure of the callers' identities.

45. As a result of the foregoing, Doyle is entitled to damages as provided by 15 U.S.C. § 1692k(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Damages, pursuant to 15 U.S.C. § 1692k(a), in the amount of $1,000.00; and

(b) Costs, disbursements, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: September 25, 2017

_____
Robert Doyle
Plaintiff, *Pro Se*
26 Netcong Heights
Apt. #9
Netcong, NJ  07857
(646) 434-7539